**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-31479**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**WILLIAM LEE KELLY,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(01-CR-30011-ALL)**

_____

June 27, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Claiming the district court erred in admitting certain evidence and that the trial-evidence was insufficient to support his conviction, William Lee Kelly appeals his jury conviction for making to a firearms dealer a false statement, regarding prior (three) felony convictions, in violation of 18 U.S.C. § 922(a)(6).

Evidentiary rulings are reviewed for abuse of discretion. _E.g., **United States v. Cantu**_, 167 F.3d 198, 203 (5th Cir.), _cert._

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*denied*, 528 U.S. 818 (1999). "Furthermore, if this Court finds an abuse of discretion in the admission ... of evidence, we review the error under the harmless error doctrine." ***United States v. Haese***, 162 F.3d 359, 364 (5th Cir. 1998), *cert. denied*, 526 U.S. 1138 (1999); *see* FED. R. EVID 103(a). "In order to preserve a claim of error for appellate review, a party must timely object ... [in district court to] the objectionable evidence, stating the specific ground of the objection." ***United States v. Martinez***, 962 F.2d 1161, 1165-66 (5th Cir. 1992) (citing FED. R. EVID. 103(a)(1)).

Kelly maintains the district court abused its discretion in admitting Government exhibits G-7 (Kelly's palm print and signature) and G-11 (samples of Kelly's handwriting).

Regarding G-7, the district court did not abuse its discretion in admitting it as self-authenticating; the document was certified and under seal. *See* FED. R. EVID. 902(4); ***United States v. Johnston***, 127 F.3d 380, 389 (5th Cir. 1997), *cert. denied*, 522 U.S. 1152 (1998); ***United States v. Scurlock***, 52 F.3d 531, 538 (5th Cir. 1995).

Kelly did not object to the admission of G-11. Therefore, review is limited to plain error. *See, e.g.,* ***Cantu***, 167 F.3d at 204; FED. R. EVID. 103(d). Kelly has not shown such error.

Regarding his sufficiency challenge, Kelly timely moved at trial for judgment of acquittal. Therefore, for such a challenge, the evidence is reviewed to determine "whether *any* reasonable trier

of fact could have found [it] established guilt beyond a reasonable doubt".  *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992), *cert. denied*, 507 U.S. 943 (1993).  In so doing, "we review the evidence, whether direct or circumstantial, in the light most favorable to the jury verdict".  *United States v. Resio-Trejo*, 45 F.3d 907, 910 (5th Cir. 1995).  "All credibility determinations and reasonable inferences are to be resolved in favor of the verdict." *Id.* at 911.  And, "the evidence need not exclude every reasonable hypothesis of innocence".  *United States v. Jaramillo*, 42 F.3d 920, 923 (5th Cir.), *cert. denied*, 514 U.S. 1134 (1995).  "[W]e determine only whether the jury made a rational decision, not whether its verdict was correct on the issue of guilt or innocence".  *United States v. Dean*, 59 F.3d 1479, 1484 (5th Cir. 1995), *cert. denied*, 516 U.S. 1064 (1996), *and cert. denied*, 516 U.S. 1082 (1996).

Based upon our review, we conclude that a reasonable trier of fact could have found the evidence established beyond a reasonable doubt that:  the seller was a licensed firearms dealer; Kelly made a false statement; he knew it was false; and it was intended, or likely, to deceive the seller into believing the firearm could be lawfully sold to Kelly.  *See United States v. Polk*, 118 F.3d 286, 294-95 (5th Cir.), *cert. denied*, 522 U.S. 988 (1997); *Martinez*, 975 F.2d at 160-61.

*AFFIRMED*

3